# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1873 | **DATE** | 04/09/2012 |
| **CASE TITLE** | Rinaldo Bankston (#2011-1118066) vs. Sgt. Villareal, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail, and to issue summons for service of the complaint on Cook County Jail Officer Whittler. The United States Marshals Service is appointed to serve Defendant Whittler. Tom Dart, Officers Villareal and Atsaves, and Inmate Lawson are dismissed. The clerk shall send plaintiff a Magistrate Judge consent form and filing instructions along with a copy of this order. For purposes of tracking this case, a status hearing is set for 6/14/12 at 8:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Rinaldo Bankston, a Cook County Jail pretrial detainee, has filed this 42 U.S.C. § 1983 civil rights action against Cook County Jail Officers Villareal, Atsaves, Whittler, Sheriff Tom Dart, and fellow inmate Nevles Lawson. Plaintiff alleges that, on December 24, 2011, Officer Whittler overheard inmate Lawson threaten to stab Plaintiff, but Whittler neither called for backup security nor locked Lawson in his cell. When Whittler left the area, Lawson chased after Plaintiff and stabbed his hand. Sergeant Villareal and Lietenant Atsaves later investigated the incident. Although Plaintiff stated that he wanted to press charges against Lawson, none were brought.

The Court finds that plaintiff is unable to prepay the $350 filing fee and grants his motion for leave to proceed *in forma pauperis*. The initial filing fee is waived. The trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

Preliminary review of the allegations stated above indicate that plaintiff's complaint states a colorable cause of action against Officer Whittler, who allegedly failed to protect plaintiff after hearing Lawson threaten him. *See Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The other jail officers, Villareal and Atsaves, are dismissed. Plaintiff's only claim against them is that they filed no charges against inmate Lawson when conducting their investigation. There is no

| STATEMENT |
|---|

right, however, to compel the prosecution of another person. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999). Tom Dart is also dismissed, given that plaintiff simply lists him as a defendant but states no allegations against him. Lastly, inmate Lawson is dismissed. Plaintiff may have a state-law battery claim against Lawson; however, this Court need not exercise supplemental jurisdiction over the claim and courts have refused to do so in similar cases. *Moore v. Ziegler*, No. 09-cv-923, 2009 WL 1249290 *2(W.D. Wis. May 6, 2009) (explaining that proving failure to protect is distinct from proving the underlying battery, and the claims are not related to warrant joinder).

The Clerk shall issue summonses for service of the complaint on Cook County Jail Officer Whittler, but the other defendants are dismissed. The United States Marshals Service is appointed to serve Whittler. The Marshal may forward service forms to plaintiff to complete. Plaintiff's failure to complete and return those forms to the Marshal may result in the dismissal of Whittler as a defendant. If Whittler is no longer employed at the jail, Cook County Jail officials shall furnish the Marshals Service with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. The Marshals Service is authorized to mail a request for waiver of service to the defendant in accordance with Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshals Service shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.